Filed 3/27/13  Smith v. Deutsche Bank National Trust CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KENNETH SMITH, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, etc., <br><br> Defendant and Respondent. | D059911 <br><br><br> (Super. Ct. No. 37-2010-00079275-CU-OR-SC) |

APPEAL from a judgment of the Superior Court of San Diego County, William S. Cannon, Judge.  (Retired judge of the San Diego Sup. Ct.)  Affirmed.

Kenneth Smith brought this action against Deutsche Bank National Trust Company (Deutsche) alleging the nonjudicial foreclosure proceedings on his property were void because the deed of trust on the property was not properly assigned to Deutsche.  The trial court sustained Deutsche's demurrer without leave to amend and entered judgment in its favor, finding Smith could not maintain his action because he did not tender the entire amount of his indebtedness and failed to plead facts sufficient to

demonstrate the assignment was void. On appeal, Smith contends the trial court erred in sustaining Deutsche's demurrer because (1) he can plead facts to show the assignment and foreclosure were void on the basis that (i) the assignment was not made by an authorized person, (ii) Deutsche did not qualify to enforce the note under the Commercial Code, and (iii) the assignment did not comply with Deutsche's pooling and servicing agreement (Pooling Agreement); and (2) as a result of the void foreclosure, he was not required to tender payment to Deutsche. We conclude Smith cannot state a viable cause of action and affirm the judgment. Based on our conclusion, we need not address whether Smith was required to tender payment to Deutsche.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, Smith obtained a mortgage loan from WMC Mortgage Corp. (WMC), which was secured by a deed of trust naming Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary. In June 2008, Stephen C. Porter, on behalf of MERS, executed an assignment transferring all beneficial interests under the deed of trust to Deutsche. Approximately two years later, a notice of default was recorded against the property. Subsequently, a notice of trustee's sale was recorded, stating the property would be sold in a nonjudicial foreclosure sale. Deutsche eventually acquired the property under a trustee's deed upon sale.

Smith brought an action against Deutsche and, in his first amended complaint, included causes of action to void and cancel the assignment, notice of default, notice of trustee's sale, and substitution of trustee, to set aside the trustee's sale, to void and cancel the trustee's deed upon sale, for violation of Business and Professions Code section

2

17200 et seq., for an injunction and declaratory relief, and to quiet title to the property. In general, these causes of action were based on the premise that the assignment from MERS to Deutsche was void. Specifically, Smith alleged Porter did not have authority to execute the assignment because he was not employed by MERS, the assignment occurred after WMC ceased to operate, and the assignment did not comply with the terms of the Pooling Agreement.

Deutsche demurred to each cause of action in the first amended complaint on the grounds of uncertainty and failure to state facts sufficient to constitute a cause of action. Deutsche argued, among other things, that Smith's claims that the assignment was void failed because they were not supported by facts or legal authority. The trial court sustained the demurrer without leave to amend and entered judgment in favor of Deutsche.

DISCUSSION

A. Standard of Review

"'On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.'" (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) In reviewing the complaint, "we must assume the truth of all facts properly pleaded by the plaintiffs, as well as those

3

that are judicially noticeable." (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.)

Further, "[i]f the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. . . . If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. . . . The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081, citations omitted.) "[S]uch a showing can be made for the first time to the reviewing court . . . ." (*Smith v. State Farm Mutual Automobile Ins. Co*. (2001) 93 Cal.App.4th 700, 711, citation omitted.) With these principles in mind, we consider Smith's arguments.

B. Analysis

Smith argues he can plead facts to demonstrate the assignment and foreclosure were void on numerous grounds. Specifically, he contends (i) the assignment is void because Porter did not have authority to execute it, (ii) Deutsche did not have power to enforce the note under the Commercial Code, and (iii) the assignment did not occur because it did not comply with the terms of the Pooling Agreement. As we shall explain, these arguments fail.

 i.  *Authority to Assign*

We begin with the premise that "[a] nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" (*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1258.) "Given the presumption

4

of regularity, if plaintiff contend[s] the sale was invalid because [the foreclosing party] had no authority to conduct the sale, the burden rest[s] with plaintiff [to] affirmatively . . . plead facts demonstrating the impropriety." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270 (*Fontenot*).) A borrower challenging the validity of an assignment must allege and show resulting prejudice from the purported assignment. (*Id.* at p. 272 [noting that it is difficult to conceive how borrowers could show prejudice from an unauthorized transfer because borrowers must anticipate the legal possibility of note transfers to different creditors].)

Here, Smith alleges the assignment from MERS to Deutsche was improper because it was executed by Porter who allegedly was not an employee or agent of MERS or WMC and thus lacked authority to conduct the transfer. However, even if the purported assignment was improper, Smith does not claim he was prejudiced by the assignment. Similar to *Fontenot*, the "assignment merely substituted one creditor for another, without changing [Smith's] obligations under the note." (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272.) Smith does not allege that the assignment prevented him from making payments on the note or that the original lender would not have foreclosed. If Porter did not have authority to execute the assignment, any prejudice was not to Smith. Rather, the victims of Porter's alleged lack of authority were WMC and MERS. (See *id.* [stating that where plaintiff does not allege the improper assignment interfered with payment of the note or that original lender would have refrained from foreclosure, prejudice is to original lender and not to plaintiff].)

5

*ii.    Possession of the Note*

Relying on several sections of the Commercial Code pertaining to negotiable instruments (Cal. U. Com. Code, §§ 3203, 3301, 3309), Smith next alleges the debt was not assigned to Deutsche because Deutsche was never in possession of the note and it did not acquire the rights of WMC or MERS.  We reject this argument.

In *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440–442 (*Debrunner*), the court considered whether provisions of the Commercial Code, including section 3301 cited by Smith, concerning possession and transfer of negotiable instruments applied to nonjudicial foreclosures.  The court concluded that the cited provisions of the Commercial Code did not apply because "the procedures to be followed in a nonjudicial foreclosure are governed by [Civil Code] sections 2924 and 2924k," which constitute a "comprehensive statutory framework" that "is intended to be exhaustive." (*Debrunner*, *supra*, at p. 440.)  The court explained there is nothing in the nonjudicial foreclosure statutes "requir[ing] that the note be in the possession of the party initiating the foreclosure." (*Ibid*.)  Further, " '[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the [n]ote to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure.  Accordingly, the statute does not require a beneficial interest in both the [n]ote and the [d]eed of [t]rust to commence a non-judicial foreclosure sale.' [Citation.]" (*Id.* at p. 441.)

Similarly to *Debrunner*, Smith's reliance on the Commercial Code is misplaced.  The statutes governing nonjudicial foreclosures do not include the requirements for

6

possession and transfer of negotiable instruments as set forth in the Commercial Code. (See Civ. Code, §§ 2924, 2924k.) "'Because of the exhaustive nature of [the non-judicial foreclosure] scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute[s].'" (*Debrunner*, *supra*, 204 Cal.App.4th at p. 441.) We likewise are not convinced that the Commercial Code provisions cited by Smith supplement the requirements of the nonjudicial foreclosure statutes and see no reason to depart from the reasoning in *Debrunner.*

### iii. Compliance with the Pooling Agreement

Smith next argues the assignment did not occur because it did not comply with the terms of the Pooling Agreement. Specifically, he alleges Deutsche was the trustee of a securitized trust governed by the Pooling Agreement, which required all assets be transferred into the trust prior to September 23, 2006. Smith contends that because the assignment to Deutsche did not occur until 2008, Deutsche's interest in the note and deed of trust were void.

We conclude Smith does not have standing to challenge compliance with the Pooling Agreement. Debtors lack standing to raise violations of a pooling and servicing agreement (*In re Correia* (Bankr. 1st Cir. 2011) 452 B.R. 319) or challenge the securitization of their loan (*Bascos v. Federal Home Loan Mortg. Corp.* (C.D. Cal., July 22, 2011, CV 11-3968-JFW JCX) 2011 WL 3157063). Smith does not allege any other basis for standing, such as claiming he was a party to the Pooling Agreement or a third party beneficiary of the Pooling Agreement's terms.

7

Likely realizing his hurdle on the standing issue, Smith argues the Pooling Agreement is governed by New York law, which he claims allows him to "object to any instrument conveying the [n]ote and [deed of trust] to [Deutsche] that is not in compliance with the [Pooling Agreement]." Again, this argument fails because Smith was not a party to the Pooling Agreement and thus cannot enforce its choice of law provision. Regardless, "New York recognizes the in rem jurisdiction a sister state has over property located in that state. [Citation.] Under the interest-analysis approach employed by New York decisions, the law of the jurisdiction having the greatest interest in the litigation will be applied." (*Gramercy Investment Trust v. Lakemont Homes Nevada, Inc.* (2011) 198 Cal.App.4th 903, 909–910.)

Here, the real property subject to the dispute is located in Chula Vista, California, Smith is a resident of California, the deed of trust, to which Smith is a party, was executed and recorded in California, and the debt was created in California. Thus, California has a compelling interest in the litigation. Smith does not allege any contacts with New York or that New York has any interest at all. Without sufficient contacts or an interest in the litigation, New York law is inapplicable to this matter as it involves property and a dispute within California.

C. Conclusion

Smith has failed to state a viable cause of action and no amendment can cure that result. Accordingly, the trial court properly sustained Deutsche's demurrer without leave to amend.

DISPOSITION

The judgment is affirmed.  Deutsche is entitled to costs on appeal.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.